## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| JONATHAN SEARCY, *on behalf of himself and all others similarly situated*, *et al.*, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:20-cv-01523-MTS |
| GILEAD SCIENCES, INC., | ) ) ) |
| Defendant. | ) ) |

## **SCHEDULING ORDER**

Upon review of the parties Joint Proposed Scheduling Plan, Doc. [266],

**IT IS HEREBY ORDERED** that the following schedule shall apply in this case, and will be modified only upon a showing of good cause and with the Court's consent:

1. The parties shall make any required supplements to their prior interrogatory responses pursuant to Rule 26(e)(1) and Plaintiffs shall respond to Defendant's second set of interrogatories no later than **Friday**, **March 27, 2026**.

2. Expert Disclosures as to Merits:

    a. Disclosure of experts and expert reports as to merits issues shall be made no later than **Monday**, **March 23, 2026**. If a party is resubmitting an expert report submitted at the class certification stage, no further deposition will be held. If a party is disclosing a new expert, the party shall provide at least two dates for the deposition of each expert to be completed the third or fourth week after the disclosure is made.

    b. Disclosure of merits rebuttal experts and expert reports shall be made no later than **Monday**, **June 01, 2026**. At the same time a party serves its merits rebuttal experts reports, it shall provide at least two dates for the deposition of each expert to be completed prior to the discovery deadline.

      3.     All discovery in this case shall be completed no later than **Thursday**, **July 16, 2026**.

      a. If any discovery dispute arises, the parties shall raise the dispute in a diligent and timely manner. Absent a showing of excusable neglect, no discovery dispute may be raised with the Court after **Thursday**, **July 23, 2026**. Before raising any discovery dispute with the Court, counsel must confer in person or by telephone with opposing counsel in good faith or make reasonable efforts to do so.

      b. If, after sincere efforts to resolve their dispute, counsel are unable to reach an accord, the moving party must request an informal conference with the Court before moving for any Order relating to discovery.* *See* Fed. R. Civ. P. 16(b)(3)(B)(v). Such request must convey the general issue in three or fewer sentences and include opposing counsel on the email communication. Opposing counsel may reply-all to the email with his or her position on the matter in three or fewer sentences.

      4.     All dispositive motions and any motions pursuant to Rule 702/*Daubert* must be filed no later than **Thursday**, **August 06, 2026**.

      a. Nothing herein prohibits a party from filing a dispositive motion prior to this deadline.

      b. All memoranda in support or opposition to any motion filed under this paragraph shall contain a table of contents and a table of authorities.

      c. Response times for all motions are governed by the Local Rules and will be extended only upon a showing of good cause.

      5.     This case will be referred to alternative dispute resolution on **Monday**, **November 02, 2026**. That referral shall terminate on **Monday**, **February 01, 2027**. The parties must comply with all Local Rules governing ADR. *See* E.D. Mo. L.R. 6.01–6.05.

---

\* Parties should email: MOEDml_Schelp_Law_Clerks@moed.uscourts.gov.

      6.      A jury trial will be held on **July 12, 2027 at 9:00am in Courtroom 16-South.** A future Order will set a final pretrial conference and set deadlines for pretrial filings.

* * *

      The failure to comply with any part of this Order may result in the imposition of sanctions. *See* Fed. R. Civ. P. 16(f).

      So **ORDERED** this 10th day of March 2026.

                                      MATTHEW T. SCHELP
                                      UNITED STATES DISTRICT JUDGE