**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JONATHAN SEARCY, *on behalf of himself and all others similarly situated*, *et al.*, | ) | |
| Plaintiffs, | ) | |
| vs. | ) | Case No. 4:20-cv-01523-MTS |
| GILEAD SCIENCES, INC., | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Motion to Amend, Doc. [260], in which Plaintiffs seek the Court's leave to allow them to file an amended complaint that omits their claim for unjust enrichment, Count II of their Third Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2). Plaintiffs do not seek amendment to change or omit any facts; they do so only to omit one of their legal theories. *See* Doc. [260-2]. Generally speaking, the inclusion of legal theories or legal labels in a complaint is unnecessary in federal court. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014); *Eason v. Com. Bancshares, Inc.*, 4:25-cv-0406-MTS, 2026 WL 2069879, at *3 (E.D. Mo. July 17, 2026); *see also* Charles E. Clark, *Pleading Under the Federal Rules*, 12 Wyo. L.J. 177, 191–92 (1958). And where the same transactions or occurrences give rise to different legal theories, Federal Rule of Civil Procedure 10(b) does not ordinarily require litigants to separate them into various counts merely because the theories differ. *See* 5A *Wright & Miller's Federal Practice & Procedure* § 1324 (4th ed. 2026 update).

Strictly speaking, Plaintiffs did not need to identify unjust enrichment by name or state it in a separate count to advance that theory, so long as their pleading alleged facts

sufficient to support it. Therefore, removing the count or theory from the pleading, at this stage, seems equally unnecessary. If Plaintiffs no longer wish to advance that legal theory, they may simply stop advancing it. *See* Doc. [301] at 18 n.5; *cf. Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 459 (5th Cir. 2022) ("A plaintiff abandons claims when it fails to address the claims or oppose a motion challenging those claims."). Allowing amendment to remove it would result in unnecessary expenditure of time and expense and gain little, if any, practical benefit. *See* Fed. R. Civ. P. 1.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Amend, Doc. [260], is **DENIED**.

Dated this 17th day of September 2026.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE